**Vate PEPUSHAJ, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

**No. 07–2996–ag.**

United States Court of Appeals,
Second Circuit.

March 19, 2008.

Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice (Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, on the brief), for Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN GLEESON,\*\* District Judge.

---

basis of pre-*Shi Liang Lin* law. That circumstance, however, is not before us, and so we take no position on it.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Acting Attorney General Peter D. Keisler as the respondent in this case.

\*\* The Honorable John Gleeson for the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Vate Pepushaj, a citizen of Albania, seeks review of the June 15, 2007 order of the BIA, denying his motion to reopen his deportation proceedings. *In re Vate Pepushaj*, No. A95 149 594 (B.I.A. June 15, 2007). The motion to reopen followed a December 22, 2004 order dismissing Pepushaj's appeal from Immigration Judge Helen Sichel's order denying petitioner's request for asylum and withholding of removal. *In re Vate Pepushaj*, No. A95 149 594 (B.I.A. Dec. 22, 2004), *aff'g* No. A95 149 594 (Immig. Ct. N.Y. City Apr. 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

Here, the BIA did not abuse its discretion in denying Pepushaj's motion as untimely. The BIA correctly noted that the final order in these proceedings was entered on December 22, 2004, and Pepushaj did not file his motion to reopen until March 5, 2007, well beyond the 90–day filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Moreover, the BIA properly found that Pepushaj did not establish that he qualified for an exception to the time limitation for motions to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Pepushaj submitted several affidavits in support of his application, but the only new evidence presented as to changed country conditions consisted of news accounts of Muslim objections to a statue of Mother Theresa being erected, and the vandalism of public crosses. In conjunction with this evidence, the BIA took administrative notice of two State Department reports on Albania. The first of these reports established that there has been no evidence to indicate any pattern of government mistreatment of individuals on the basis of religious belief. The second established not only that the Muslim community's objections to the Mother Theresa statue were later rescinded, but also that the community recognized Mother Theresa as a national symbol. Accordingly, the BIA's conclusion that none of Pepushaj's new evidence established changed country conditions in Albania was a reasonable one.

Although Pepushaj contends in a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j) that the BIA violated his right to due process when it took administrative notice of these reports, he also concedes that he failed to raise this claim in his brief to this Court. Further, the opinion on which Pepushaj relies in making this argument, *Burger v. Gonzales*, 498 F.3d 131 (2d Cir.2007), was issued nearly two months before Pepushaj's initial brief was filed with this Court. Accordingly, we deem this claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

Even if we were to consider this claim and find error, remand would nonetheless be futile because Pepushaj has not demonstrated *prima facie* eligibility for asylum. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005) ("To prevail on [a motion to reopen], the movant must also establish

*prima facie* eligibility for asylum, *i.e.,* a realistic chance that he will be able to establish eligibility." (internal quotation marks omitted)). The only new evidence of changed circumstances submitted by Pepushaj in connection with his motion to reopen concerned the destruction of two public crosses and the Muslim community's initial opposition to the erection of a Mother Theresa statue. These isolated incidents, which do not indicate religious persecution of any individuals, do nothing to undermine the BIA's conclusion, reached during Pepushaj's initial removal proceedings, that the Albanian government respects and protects religious freedom. In light of that finding, Pepushaj remains unable to demonstrate a well-founded fear of persecution. *See Pavlova v. INS,* 441 F.3d 82, 91 (2d Cir.2006) (noting asylum applicants can establish persecution by demonstrating "direct governmental action" or private actions that "the government has proved unwilling to control"); *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985) (holding that in order to constitute "persecution," the "harm or suffering had to be inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control"), *overruled in part on other grounds by INS v. Cardoza–Fonseca,* 480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Finally, to the extent that Pepushaj requested the BIA exercise its *sua sponte* authority to reopen his proceedings, we lack jurisdiction to review that discretionary decision. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam) (holding that "a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review").

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of deportation is DENIED as moot.